IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL COCHRAN                                                                                    PETITIONER

V.                                                                                    NO. 4:15-CV-00067-DMB-JMV

SUPT. RAYMOND BYRD                                                                            RESPONDENT

## MEMORANDUM OPINION

This § 2254 action is before the Court on the motion to dismiss of Raymond Byrd. Doc. #18. For the reasons below, the motion to dismiss will be granted.

## I
## Facts and Procedural Posture

On February 10–11, 2013, Petitioner Michael Cochran was tried on three-count indictment in the Circuit Court of Coahoma County, Mississippi. Doc. #18-1. At trial, Cochran was convicted on two counts of armed robbery (Count I and Count II) and one count of aggravated assault (Count III). *Id*. Following Cochran's convictions, on August 7, 2003, the circuit court sentenced Cochran to: (1) fifty years imprisonment under Count I; (2) fifty years imprisonment under Count II; and (3) twenty years imprisonment under Count III. *Id*. Cochran appealed his convictions and, on April 19, 2005, the Mississippi Court of Appeals affirmed the judgment of the lower court. *Cochran v. State*, 913 So.2d 371, 379 (Miss. Ct. App. 2005). It does not appear Cochran sought rehearing or an appeal to the Mississippi Supreme Court.

On April 18, 2008, Cochran filed with the Mississippi Supreme Court a "Petition for Leave to File Motion for Post-Conviction Relief." Doc. #18-3 (PageID #134). On May 14, 2008, the Mississippi Supreme Court denied the petition for leave as improperly supported. *Id*. (PageID #132).

On December 18, 2009, Cochran filed with the Mississippi Supreme Court an "Application

1

for Leave to File Motion for Post Conviction Collateral Relief." *Id.* (PageID #100). This petition was denied as an improper successive application on January 20, 2010. *Id.* (PageID #99).

On February 9, 2015, Cochran filed with the Mississippi Supreme Court a "Petition for leave to file Motion for Post-Conviction Relief." Doc. #18-4 (PageID #145). The petition was denied as untimely on March 18, 2015. *Id.* (PageID #143).

On May 13, 2015, Cochran, acting pro se, filed this § 2254 action challenging his 2003 convictions.[1] *See* Doc. #1. On September 21, 2015, United States Magistrate Judge Jane M. Virden issued an order directing Byrd to respond to the petition. Doc. #13. On December 2, 2015, Byrd filed a motion to dismiss, arguing that the petition is untimely. Doc. #18. Cochran, through counsel, responded in opposition to the motion on January 6, 2016. Doc. #21.

## II
## One-Year Limitations Period

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Cochran has since obtained representation. *See* Doc. #19.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) & (2).

Cochran never sought rehearing in the Mississippi Court of Appeals or an appeal to the Mississippi Supreme Court. As such, fourteen days, the time period during which he could have sought appellate review, must be added to the date on which his direct appeal ended and his conviction became final. *See* Miss. R. App. P. Rule 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (where appeal is not pursued, judgment final on "the expiration of the time for seeking such review".). Thus, Cochran's judgment became final on May 3, 2005, and the limitations period expired on May 3, 2006.

Where a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F.Supp.2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). In his response, Cochran does not contend that his suit was filed within the statutory period or that his failure to do so may be excused by equitable or statutory tolling. Rather, Cochran "submits that the Suspension Clause is violated by the AEDPA's one-year statute of limitations on habeas corpus petitions." Doc. #21 at 1. Additionally, Cochran argues the limitations period undermines "the purpose of the writ of habeas corpus … to protect a litigant's constitutional rights" and "concerns in enacting the AEDPA, such as the predominance of federalism and the need for judicial efficiency, cannot serve to override the

need for criminal convictions to be obtained only after a defendant's constitutional rights have been violated." *Id.* at 3.

First, the Suspension Clause of the United States Constitution dictates "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it." U.S. Const. art. 1, § 9, cl. 2. The Fifth Circuit has held that the AEDPA's one-year limitations provision "does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Under this test, application of the limitations provision will violate the Suspension Clause only when a petitioner was "prevented … from filing a petition before the limitations period expired." *Id.* Cochran has not alleged that he was prevented from filing a timely petition. Accordingly, his Suspension Clause argument is without merit.

As for Cochran's contentions that the constitutional nature of his claims forecloses application of the limitations period, Cochran has not cited, and this Court has not found, any authority which justifies setting aside a limitations period where a petitioner asserts a constitutional claim. Rather, courts uniformly apply the limitations period to habeas petitions based on constitutional violations.[2] *See Miner v. Dretke*, No. 3:03-cv-1855, 2004 WL 578927, at *2 (N.D. Tex. Mar. 18, 2004) ("Nor is the limitations period tolled merely because petitioner believes he has valid constitutional claims and is entitled to habeas relief."); *see also VanDyne v. Thaler*, No. H-12-0329, 2012 WL 3150355, at *3 (S.D. Tex. July 31, 2012) (rejecting argument limitations period does not apply to meritorious constitutional claims).

---

[2] The United States Supreme Court has recognized that a plea of "actual innocence" can overcome application of the one-year limitations period. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931–32 (2013). To invoke this exception, a petitioner must plead the existence of new evidence which shows "it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at 1933 (internal alterations and quotation marks omitted). Cochran does not argue that the limitations period should be set aside under this exception.

In sum, Cochran's petition is untimely.  Therefore, Byrd's motion to dismiss [18] is **GRANTED**.  The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this 6th day of May, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**